IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-18-0158** |
|  |  | **CIVIL NO. JKB-20-3720** |
| **ANTONIO WRIGHT** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On December 23, 2020, *pro se* Petitioner Antonio Wright moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 80.) He subsequently filed a motion seeking a sixty-day extension of the time to file a reply to the Government's opposition to his § 2255 motion. (ECF No. 90.) As part of the latter motion, Wright also sought an order requiring Judge Boardman to submit an affidavit attesting to certain factual predicates Wright believes are necessary to substantiate his habeas petition. (*Id.* at 2.) The Court denied Wright's motion for an extension of time "insofar as it requests a sworn affidavit from Judge Boardman." (ECF No. 95 at 2.)[1] Wright now seeks reconsideration of this denial. (ECF No. 96.) For the following reasons, Wright's Motion for Reconsideration (ECF No. 96) will be denied.

In his underlying § 2255 motion, Wright argues that his plea agreement was constitutionally deficient because it purported to waive Wright's right to appeal "on any ground whatsoever," including constitutional grounds. (*See* ECF No. 80 at 3–4.) He further argued that Judge Boardman—who was then Wright's public defender—provided ineffective counsel by failing to object to the unconstitutional appeal waiver and by failing to inform him of the waiver.

---

[1] The Court previously granted Wright's request for a sixty-day extension of time in which to file his reply. (ECF No. 91.)

1

(*Id.* at 3.) In his motion for an extension of time, Wright sought an affidavit from Judge Boardman, ostensibly to support his first claim of ineffective assistance of counsel. (ECF No. 90 at 2.) The Court rejected this request as unnecessary on multiple grounds, which it need not reiterate here. (*See* ECF No. 95.)

In his motion for reconsideration, Wright does not challenge this initial denial, but rather, appears to make an entirely different evidentiary request. He now avers that "if he was properly informed by counsel at the plea-agreement specifically about the appellate waiver he would not had [sic] pled guilty as to the waiver" and seeks an evidentiary hearing to establish whether or not he was so informed. (ECF No. 96 at 3.) In short, Wright moves from requesting factual development to support his first argument (that counsel was ineffective by failing to object to a flawed waiver), to requesting factual development to support his second argument (that counsel was ineffective for failing to inform him of a valid waiver). This pivot fails for two reasons.

Taken as a motion for reconsideration, Wright's Motion is the wrong "vehicle to raise new arguments that could have been raised previously." *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 294 n. 8 (D. Md. 2008). Wright could have readily raised his broader evidentiary request in his initial motion and does not explain why he waited until now to do so.

Alternatively, even if the Court construed Wright's motion as an independent request for an evidentiary hearing, it plainly fails. In the context of § 2255 motions, "evidentiary hearings are conducted only in 'extraordinary circumstances,' in which there are disputed material facts about non-frivolous habeas allegations." *Simmons v. United States*, Civ. No. RBS-21-0102, 2021 WL 2021124, at *2 (E.D. Va. May 20, 2021) (quoting *United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004)). An evidentiary hearing is unwarranted here because the facts Wright

seeks to establish through such a hearing are not disputed material facts, and such facts would be used to support frivolous claims.

First, the Government does not dispute whether counsel informed Wright of the appeal waiver but instead contends that even if counsel failed to inform Wright of the appeal waiver, doing so was not prejudicial. (*See* ECF No. 89 at 19–20 (arguing that not being aware of or understanding the appeal waiver could not have prejudiced Wright given the overwhelming evidence and lack of a meritorious appeal).) This leaves no *dispute* of material fact to resolve through an evidentiary hearing.

Second, Wright's argument is frivolous because he knowingly acknowledged that his plea agreement waived his appellate rights during his plea colloquy. (*See* ECF No. 85 at 28:20–24.) Thus, even assuming the dubious proposition that counsel's failure to inform Wright of the appeal waiver constitutes ineffective assistance of counsel,[2] Wright has failed to show that this failure was prejudicial given his acknowledgement of the waiver prior to his acceptance of the plea agreement. *See Phillip v. United States*, Civ. No. RDB-12-0284, 2013 WL 1728057, at *3 (D. Md. Apr. 19, 2013) (concluding that the petitioner could not show prejudice where court discussed plea agreement during colloquy and petitioner had "full knowledge" of fact counsel allegedly failed to inform him of). Where a petitioner cannot establish prejudice under *Strickland*, an "ineffective assistance of counsel claim necessarily fails." *Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

---

[2] Wright has nowhere suggested that he has a colorable appeal that would have been worth preserving. *See Ford v. Stevenson*, 523 F. App'x 206, 211 (4th Cir. 2013) (concluding that counsel was not deficient for failing to inform petitioner of unmeritorious argument he waived by pleading guilty).

3

In sum, whether construed as a motion for reconsideration or as an independent motion for an evidentiary hearing, Wright's Motion for Reconsideration (ECF No. 96) is meritless and will be DENIED.

DATED this 23 day of July, 2021.

BY THE COURT:

James K. Bredar
Chief Judge