IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JKB-18-0158 |
| | | Civil No. JKB-20-3720 |
| ANTONIO WRIGHT | * | |
| Defendant | * | |

***

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 80). The Government has responded (ECF No. 89). The Court has carefully reviewed these documents, their attachments, and the full record in this case. After doing so, and after considering the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984), the Court concludes that the Motion should be DENIED.

The Defendant claims that his attorney provided ineffective assistance of counsel. He contends that his guilty plea was not made knowingly, intelligently, and voluntarily, because his lawyer's advice and counsel was deficient. The record belies this. The guilty plea colloquy, quoted at length in the Government's brief (ECF No. 89) shows that his lawyer was fully engaged with the guilty plea process, providing ample, competent advice at that stage of the proceeding. During a searching inquiry, the Defendant affirmed his satisfaction with his lawyer and the advice that she provided.

The Defendant specifically complained that he was incompetently advised by his lawyer in relation to the appeal waiver that his plea agreement contained. First, appeal waivers are routine in this district. The one necessity is that a Defendant fully understand what he is giving up. It is

counsel's job to make sure that the Defendant fully understands, and the transcript of the guilty plea, as cited in the Government's brief (ECF No. 89), demonstrates with certainty that the Defendant did understand. To the extent that the Defendant was forfeiting future rights, that is permissible, provided he understands the implications when doing so. *United States v. McGrath*, 981 F.3d 248 (4th Cir. 2020). In this case, as noted, it is crystal clear from the transcript of the guilty plea proceeding that he did understand, and that his lawyer had made certain of such before the proceeding even began. Appeal waivers that forfeit rights, including future rights, are acceptable in this circuit. *United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005). The Sixth Amendment is not violated when defense counsel advises a client to enter into an appeal waiver, as part of a broader plea agreement, that will prevent the Defendant from raising issues under a favorable change in the law later.

Last, in all of his claims, the Defendant fails to demonstrate how he was prejudiced, thus failing to meet prong two of *Strickland*. For this additional reason, his claims fail.

Upon the foregoing, the Defendant's Motion (ECF No. 80) is DENIED.

Further, the Defendant's claims and proofs failing to meet the requisite standard in this circuit, a CERTIFICATE OF APPEALABILITY is DENIED.

Dated this ___9___ day of September, 2021.

BY THE COURT:

James K. Bredar
Chief Judge